(No. 3306— )

KANSAS CITY FIRE AND MARINE INSURANCE COMPANY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 11, 1939.*

ECKERT & PETERSON, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The claimant is an insurance corporation organized under the laws of the State of Missouri, having its principal office at Kansas City in the State of Missouri, and has been duly authorized by the Director of Insurance of the State of Illinois to transact business in the State of Illinois. In accordance with the provisions of Article XXV, Section 409 of the Illinois Insurance Code, effective July 1st, 1937, claimant became liable to pay to the State of Illinois for the privilege of doing an insurance business in the State of Illinois, for the year commencing July 1, 1938, a tax in the amount of two per cent of the gross premiums received by claimant in Illinois during the year ending December 31, 1937 less fire department taxes paid by claimant to the Municipalities within the State of Illinois during the year 1937. The gross premiums received in Illinois during the year ending December 31st, 1937 amounted to $26,302.35, two per cent of which is $526.05; but due to an oversight claimant calculated that only $231.89 had been paid by the claimant in fire department taxes to Municipalities of the State of Illinois during the year 1937, and consequently vouchers were furnished to the Director of Insurance and returned to the claimant on February 28, 1938, along with a letter stating that $231.89 might be allowed against said tax as set forth above, and the Insurance Department assessed against the claimant the amount of $294.16 based upon the vouchers of claimant itself.

It is now contended by claimant that in addition to the said $231.89 of fire department taxes paid during the year 1937, credit for which was given to claimant in said tax assessment, the claimant paid to municipalities of the State of Illinois in fire department taxes for the year 1937, $164.50 credit for which was not given claimant in said tax bill due to the oversight.

No dispute arises over the facts and counsel for respondent has made a motion to dismiss this case, and that the

claimant be barred from maintaining this action. As grounds for said motion, respondent urges that claimant's complaint does not set forth a claim which the State of Illinois, as a sovereign commonwealth should discharge and pay for the reason that claimant seeks an award predicated upon the liability in the respondent to refund to the claimant a portion of a sum paid to respondent for insurance privilege tax alleged to represent an overpayment of said tax, and the complaint shows upon its face that said alleged overpayment resulted from the claimant's own error in submitting to the Insurance Department information on which the tax was computed and assessed, and that said tax as assessed was paid voluntarily without protest and not under duress.

We have heretofore held that:

"Where a tax voluntarily paid was computed and assessed correctly on the basis of information submitted by the claimant, there is no liability upon the part of the State to refund any portion thereof alleged to have been excessive on account of an error made by the claimant in furnishing the information upon which the tax was computed."

*Seith Seiders, Inc.* vs. *State*, 7 C. C. R. 9.

*Monarch Fire Insurance Co.* vs. *State*, 9 C. C. R. 538.

For these reasons, the motion of the Attorney General will be sustained. Cause dismissed.